UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
───────────────────────────────────X

J.C. MCCRARY,

                Petitioner,

-against-                          MEMORANDUM
                                        AND ORDER
DALE ARTUZ,                          08-CV-01739 (RJD)

                Respondent.
───────────────────────────────────X
DEARIE, Chief Judge.

On April 18, 2008, petitioner proceeding *pro se*, currently incarcerated at Clinton Correctional Facility, seeks a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254, challenging a 1984 conviction in New York Supreme Court, Nassau County. As this is petitioner's fourth petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254, the Court hereby transfers it to the United States Court of Appeals for the Second Circuit.

Petitioner's first petition was dismissed by Order dated May 31, 1990. McCrary v. Portuondo, 89-CV-03437 (RJD). By Order dated November 8, 1993, this Court granted petitioner's request to withdraw his second petition for a writ of habeas corpus that had been filed on or about June 3, 1993. McCrary v. Senkowski, 93-CV-3815 (RJD). By Order dated June 20, 1996, this Court dismissed petitioner's third petition for a writ of habeas corpus finding that "this petition constitutes an abuse of the writ. In any event, the Court has fully considered all of McCrary's claims and finds them to be completely without merit." McCrary v. Artuz, 95-CV-2635 (RJD). Petitioner now seeks to file the instant petition challenging the same 1984 Nassau County conviction, arguing that this petition is based on newly discovered evidence and perjured

1

testimony. Specifically, petitioner argues that the purported 2006 recantation of one of the co-defendants who testified against him is the basis for his latest petition.

28 U.S.C. § 2244 (b)(1) provides:

Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Subsection C of the same statute directs:

The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

Therefore, petitioner must move in the United States Court of Appeals for the Second Circuit for permission to pursue this application. 28 U.S.C. § 2244 (b)(3)(A). Any motion to the Circuit must show that the new claim being raised by the instant application relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable, 28 U.S.C. § 2244 (b)(2)(A); or the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244 (b)(2)(B)(i-ii); Gonzalez v. Crosby, 545 U.S. 524, 530 (2005) ("[B]efore the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions.").

The instant petition is hereby transferred to the United States Court of Appeals for the

Second Circuit. 28 U.S.C. § 1631; see Whab v. United States, 408 F.3d 116, 118 (2d Cir. 2005) (a "second or successive" habeas petition "may not be filed in a district court, unless the petitioner first obtains the authorization of the court of appeals, certifying that the petition conforms to specified statutory requirements"); Poindexter v. Nash, 333 F.3d 372, 382 (2d Cir. 2003) (district court "must" transfer successive petition to Second Circuit); Liriano v. United States, 95 F.3d 119, 122-123 (2d Cir. 1996) (*per curiam*) ( "[W]hen a second or successive petition for habeas corpus relief or § 2255 motion is filed in a district court without the authorization by [the Second Circuit], the district court should transfer the petition or motion to [the Second Circuit] in the interest of justice. . . ."). This Order closes this case. If the Second Circuit authorizes petitioner to proceed in this matter, petitioner shall move to reopen this case under this docket number.

Dated: Brooklyn, New York
May 15, 2008

s/ Judge Raymond J. Dearie

Raymond J. Dearie
United States District Judge

3